UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SANDRO MILLER,**<br><br>　　　　　　*Plaintiff,*<br><br>v.<br><br>**MUBI, INC., and**<br>**DOES 1-10**<br><br>　　　　　　*Defendants,* | 1:25-cv-10051<br><br>**COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT**<br><br>Demand for Jury Trial |

Plaintiff Sandro Miller, for his complaint against Defendant Mubi, Inc., alleges upon personal knowledge as to his own conduct, and on information and belief based on the investigation of Plaintiff's counsel, as to all other conducted alleged herein, as follows:

## I. INTRODUCTION

1.　　This action arises under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. and 505, from Defendant Mubi, Inc.'s ("Mubi") unauthorized copying, display, and distribution of a copyrighted photograph owned by Plaintiff Sandro Miller to sell Mubi's film subscription streaming services to customers in the District and throughout the United States.

## II. THE PARTIES

2.　　Plaintiff Sandro Miller is an individual who is a citizen of the State of Illinois.

3.　　Defendant Mubi, Inc. ("Mubi") is a Delaware corporation doing business in New York, including through its U.S. headquarters operations at 215 Park Avenue South, Floor 12, Manhattan New York, New York 10003.  It can be served at: The Corporation Trust Company, Corporation Trust Center 1209 Orange St, Wilmington, DE 19801.

1

4. Defendants Does 1 through 10, inclusive, are other parties who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

5. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby.

### III. JURISDICTION AND VENUE

6. This is a civil action for copyright infringement under the Copyright Act of 1976 (the "Copyright Act" or the "Act") and 17 U.S.C. §§ 101 *et seq*. and 505 *et seq*.

7. This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (copyrights).

8. This Court has personal jurisdiction over Defendant because it maintains its US corporate headquarters in New York and in this District.

9. Defendant availed itself of the privileges of conducting business in this District and the State of New York and incurred benefits from the alleged infringement, such that this

Court's assertion of jurisdiction over Defendants does nothing to offend traditional notions of fair play and due process.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 35 N.Y.C.P.L.R. §§ 302(a)(1)-(3) because Defendant (1) committed copyright infringement (2) in and expressly aimed at the forum state of New York (3) and caused harm in this District to Plaintiff.

11. Venue is further proper in this District pursuant to 28 U.S.C. § 1400(a) (venue for copyright cases) because Defendant is a corporation headquartered in this District.

## IV. FACTUAL ALLEGATIONS

12. Miller is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

13. Miller has invested significant time and money in building Plaintiff's portfolio of photographs.

14. Miller is an accomplished photographer known for his commercial and fine art photography.

15. Miller has photographed many national advertising campaigns for clients such as Adidas, Coca-Cola, Nike and many more. He has received numerous awards and recognitions for his work.

16. Over 45 years, Miller has photographed in the studio or on location. He is known as a master of lighting and uses light to express and refine the dialogues of life in our time.  His pictures can be cross-platform: black & white or color, film or digital, large format or small, still or video

17. His book publication list begins in 1994 and is ongoing: *American Bikers* (1998 / Schirmermosel), *Sandro:Verona Figure E Ritratti* (2002 / Cierre Edition), *Imagine Cuba* 1999-2007 (2008 / Edizioni Charta), *El Matador Joselito: A Pictorial Novel* (2009 / Edition Charta), *Sandro Raw, Steppenwolf* (2012 / Self-Published), *The Malkovich Sessions and Dance For Life* (Both 2016 / Glitterati Inc), *Malkovich, Malkovich, Malkovich: Homage To The Photographic Masters* (2020 / Skira), *Crowns: My Hair My Soul My Freedom* (2021 / Skira), and *Death In The Desert* ( 2021 /  Foto Henny Hoogeveen).

18. A list of museum and gallery exhibitions displaying his works include ones in New York, Chicago, Los Angeles, Amsterdam, Zagreb, Siberia, Warsaw, Arles/France, Antwerp, Havana, Munich, Portugal, Madrid, Budapest, Istanbul and Verona.

19. Reviews, interviews, features and essays with his photos have been published by or featured in Musée Magazine, Smithsonian, Huffington Post, Interiors, Graphis, Russian Esquire, BBC News, Stern, The New Yorker, American Photo, YES & NO, Eyemazing, ABC News, The Guardian, L'Oeil de la Photographie, Communication Art, FotoNostrum, and View Camera among others.

20. Miller is known as an advocate for causes related to art, arts education, health, death and dying, gender, race, national origin, and homelessness.

21. Miller earns licensing fees as part of his income.

22. Inquires for licenses can be made via his web site at https://www.sandrofilm.com/.

23. The Photo at issue was available for licensing here: https://www.sandrofilm.com/slideshow-story/the-david-lynch-session#img2.

24.     Miller created and exclusively owns the photo depicted below (the Photo") of American filmmaker, visual artist, musician, and actor, the late David Lynch:



25.     The Photo was registered with the United States Copyright Office under the registration number VA 2-167-359, with an effective date of registration on August 27, 2019. Plaintiff has complied with all necessary formalities to file suit.

26.     Defendant Mubi willfully copied, reproduced, displayed, and distributed the Photo for financial benefit without Miller's consent, as shown below in the screen capture and found at this URL: https://mubi.com/en/us/collections/a-david-lynch-retrospective









27. Mubi exploited the Photo to sell streaming services: "**WANT TO START WATCHING NOW? REDEEM OFFER**"

28. Nowhere in the caption or gutter of the Photo is Miller credited, which is evidence that Mubi intended to enable infringement when it deleted or removed Miller's CMI from the Photo. This is some evidence of a CMI violation.

29. Miller did not consent to the aforementioned use of the Photo and served on September 15, 2025, via counsel, a cease-and-desist demand on Defendant Mubi, who failed to respond until a follow was made on October 29, 2025. This is some evidence of willful infringement.

30. Mubi did not inadvertently publish the Photo, but rather selected and uploaded the Photo to sell and promote its commercial, subscription-based streaming services, including for consumers to view David Lynch films.

31. Upon information and belief, Mubi possessed and exercised the right and ability to control the Photo's use, including hosting and publishing the Photo on its website, and determining whether to display or remove the Photo.

32. Upon information and belief, Defendant received a direct financial benefit from its unauthorized use of the Photo, including increased subscriptions to its service, subscription revenue, and the overall promotion of Defendant's brand tied to traffic to the infringing page.

33. Plaintiff is informed and believes that Mubi, in its unauthorized use, failed to preserve the Photo's copyright management information (CMI), including crediting Miller as the author. This omission contributed to and enabled the infringement.

34. Plaintiff is further informed and believes that the removal or omission of CMI was done intentionally, with the purpose of concealing the infringing nature of the use.

35. Mubi is a sophisticated commercial film streaming service with years of publishing experience and, upon information and belief, routinely enforces its own rights in proprietary content, including filing for trademarks, and engaging in licensing agreements for the rights to stream films on its platform.

36. Unable to resolve its claims against Mubi, Plaintiff has been forced to initiate litigation, incurring additional and unnecessary legal costs.

37. By exploiting (and continuing to exploit) Plaintiff's copyright Photo without license, permission, or legal excuse, and with awareness that such authorization was required by law, Mubi has willfully infringed Plaintiff's rights in violation of the Copyright Act and caused damages in an amount to be determined at trial.

38. By exploiting Plaintiff's copyrighted Photo without a license, permission, or legal excuse, and with knowledge that such authorization was required by law, Defendant Mubi has willfully infringed Plaintiff's rights in violation of the Copyright Act and caused damages in an amount to be determined at trial.

## V. CAUSES OF ACTION

### COUNT 1

### Infringement of Copyright (17 U.S. Code §§ 106, 501)

39. Plaintiff incorporates by reference each and every allegation set forth above.

40. Plaintiff is, and at all relevant times has been, the sole owner of the copyrighted Photo at issue, with all exclusive rights under the Copyright Act.

41. Pursuant to 17 U.S.C. § 106, Plaintiff holds the exclusive rights to reproduce (copy), distribute, display, perform, and create derivative works from the Photo.

42. As described above, Defendant, without Plaintiff's permission or consent, exploited the Photo on its commercial website for commercial purposes.

43. Defendant's unauthorized use deprived Plaintiff of licensing revenue and violated Plaintiff's exclusive rights under 17 U.S.C. § 106.

44. Defendant never sought permission or obtained a license from Plaintiff despite Defendant knowing, or at minimum having reason to know, that a license was required to exploit the Photo on its website to sell streaming services for commercial gain.

45. Plaintiff never granted authorization—directly or indirectly—to Defendant or any of its partners, agents, members, licensees, affiliates, employees, contractors, customers, subscribers, or retailers to use, copy, publicly display, distribute, license, manipulate, or otherwise exploit the Photo.

46. Based on Defendant's extensive experience handling and monetizing copyrighted works such as film, Plaintiff is informed and believes that Defendant's acts of infringement were undertaken with, at minimum, a reckless disregard for, and indifference to, Plaintiff's exclusive rights under the Copyright Act, and support a finding of willful infringement.

47. Plaintiff has suffered damages as a direct and proximate result of Defendant's infringement of the copyrighted Photo.

48. As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to an award of actual damages and profit pursuant to 17 U.S.C. § 504(b), or alternatively statutory damages pursuant to 17 U.S.C. § 504(c), with amounts to be proved at trial. This election of remedies can be made any time before judgment is entered.

49. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff, unless enjoined by this Court. Plaintiff has no

adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights in Plaintiff's copyrighted Photo by Defendant and any persons acting in concert with the Defendant.

## COUNT 2

**Removal of Copyright Management Information (17 U.S.C. §§ 1202, 1203, et seq.)**

50. Plaintiff incorporates by this reference each and every allegation set forth above.

51. The original copy of Plaintiff's copyrighted Photo contained copyright management information ("CMI") within the meaning of 17 U.S.C. § 1202, including, but not limited to, visible text identifying Plaintiff as the author, the title of the work, and its date of creation.

52. Upon information and belief, Defendant knowingly and with the intent to induce, enable, facilitate, or conceal infringement provided copyright management information that is false, or distributed or imported for distribution copyright management information that is false, causing damages. 17 U.S.C. § 1202(a).

53. Upon information and belief, Defendant, intentionally removed, omitted, or failed to include Plaintiff's CMI when reproducing the Photo, knowing or having reasonable grounds to know that such conduct would enable, facilitate, and/or conceal the use, a violation of 17 U.S.C. § 1202(b).

54. As a result of Defendant's wrongful conduct alleged herein, Plaintiff is entitled under 17 U.S.C. § 1203(c)(2) to recover the actual damages it sustained, and will sustain, along with any profits and advantages obtained by Defendant attributable to the violation, together with costs and reasonable attorney's fees per § 1203(b)(5).

55. Alternatively, Plaintiff may elect to recover statutory damages under 17 U.S.C. § 1203(c)(3) of not less than $2,500 and not more than $25,000 for each violation of § 1202, together with costs and reasonable attorney's fees per § 1203(b)(5).

## VI. JURY TRIAL DEMANDED

56. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff respectfully demands a trial by jury of all the claims asserted in this Complaint so triable.

## VII. RELIEF REQUESTED

57. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on his behalf adjudging and decreeing that:

   a. For an injunction providing: "Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiff's rights under federal or state law in copyrighted photos, whether now in existence or later created, that are owned or controlled by Plaintiff ("Plaintiff's Photo"), including without limitation by using social media, Internet embedding technology, or any online media distribution system to reproduce (i.e. download) any of Plaintiff's photos, to distribute (i.e. cause to be displayed) any of Plaintiff's copyrighted photos, or to make any of Plaintiff's photos available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Defendant also shall destroy all physical (i.e., printed) copies of any of Plaintiff's photos in Defendant's possession, as well as any of Plaintiff's photos that Defendant has downloaded onto any computer hard drive or server."

   b. For Defendant to be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of their unlawful conduct.

11

c. For Plaintiff to be awarded either: (i) the actual damages Plaintiff has sustained and Defendant's profits, gains, or advantages of any kind attributable to Defendant's infringement of Plaintiff's copyrighted Photos pursuant to 17 U.S.C. § 504(b), or statutory damages of up to $150,000, including enhanced damages for willful or reckless infringement, pursuant to 17 U.S.C. § 504(c).

d. For Plaintiff to be awarded either: (i) the actual damages Plaintiff has sustained and any profit obtained by Defendant for its violation of 17 U.S.C. § 1202 under 17 U.S.C. § 1203(c)(2), including attorney's fees and costs under 17 U.S.C. § 1203(b)(5). ; or (ii) a minimum of $2,500 per violation and maximum of $25,000 per violation of 17 U.S.C. § 1202 under 17 U.S.C. § 1203(c)(3).

e. For Plaintiff to be awarded Plaintiff's costs and expenses incurred in bringing this action, including all reasonable attorneys' fees incurred herein, pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. § 1203(b).

f. For Plaintiff to be awarded pre-judgment interest from the time of the infringement.

Dated: December 3, 2025.

Respectfully submitted,

**DUNCAN FIRM, P.A**

*/s/ James H. Bartolomei Esq.*
James H. Bartolomei Esq.
SDNY Bar JB7747
809 W. 3rd Street
Little Rock, Arkansas 72201
501-228-7600
james@duncanfirm.com

*Attorneys for Plaintiff Sandro Miller*

12